**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ruby Lee SAUNDERS, Defendant– Appellant.**

No. 08–15048
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 21, 2009.

Linda Julin McNamara, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

James W. Smith, III, Tampa, FL, for Defendant–Appellant.

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ruby Lee Saunders appeals the denial of her motion to reduce her sentence. 18 U.S.C. § 3582(c)(2). Saunders moved to reduce her sentence based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. We affirm.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir.2008) (per curiam). A district court may modify a sentence for a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A sentence modification is not consistent with the policy statements when an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(2)(B).

Saunders's argument is foreclosed by precedent. In *United States v. Moore*, we held that, when a defendant's base offense level is calculated under the career offender provision, U.S.S.G. § 4B1.1, Amendment 706 does not lower the defendant's guideline range and the defendant is ineligible for a sentence modification under section 3582(c)(2). 541 F.3d 1323, 1330 (11th Cir.2008). Saunders was sentenced as a career offender. We affirm the denial of Saunders's motion to reduce her sentence.

**AFFIRMED.**